IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED VAN LINES, LLC | |
| v. | Case Number: 2:20-cv-1709 |
| ARNOLD AND CAROL DOLGINS | |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff United Van Lines, LLC, by and through its attorneys Weber Gallagher Simpson Stapleton Fires & Newby, as and for its Complaint for Declaratory Relief against defendants Arnold and Carol Dolgins, alleges the following:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. This action invokes the Court's federal question jurisdiction because this action seeks to determine the rights and liabilities of plaintiff and defendants under a household goods interstate Bill of Lading, plaintiff's applicable Tariff, as well as pursuant to the Interstate Commerce Act ("ICA") as amended by the ICC Termination Act of 1995 ("ICCTA"), including 49 U.S.C. § 14706 (the "Carmack Amendment"), acts of Congress regulating commerce.

2. Defendants presented a claim and demand for damages against plaintiff, in the amount of $37,015.00.

3. Defendants have not paid plaintiff for the moving services provided to defendants, which total $15,299.67.

4. Thus, the amount in controversy exceeds the $10,000.00 minimum threshold required by 28 U.S.C. § 1337.

## PARTIES

5. Plaintiff is a Missouri limited liability company, whose principal place of business is located at One United Drive, Fenton, Missouri 63026.

6. Plaintiff is a motor carrier engaged in the performance of interstate carriage of household goods for hire by the authority of the Surface Transportation Board and the Federal Motor Carrier Safety Administration under United States Department of Transportation number 77949.

7. Upon information and belief, defendants are citizens and residents of Canonsburg, Pennsylvania.

## VENUE

8. A substantial portion of the events giving rise to this Action occurred in Canonsburg, Pennsylvania while defendants were residents of Canonsburg, Pennsylvania.

9. The household goods at issue currently are located in Canonsburg, Pennsylvania.

10. Therefore, venue is proper in the United States District Court for the Western District of Pennsylvania.

## FACTS

11. Defendants contracted with plaintiff, through plaintiff's disclosed household goods agent Locatelli Moving and Storage, for motor carrier services, pursuant to plaintiff's Bill of Lading number U0630-00159-6 (hereinafter "Bill of Lading").  See Bill of Lading number U0630-00159-6, attached hereto as Exh. A.

12. As noted on the Bill of Lading, defendants' household goods were to be moved from Felton, California to Canonsburg, Pennsylvania.  Id.

13. The Bill of Lading incorporates the terms of plaintiff's Tariff.  Id.

14. Following the delivery of defendants' items, defendants submitted to plaintiff a claim for damages, in the amount of $37,015.00.

15. Defendants sought reimbursement from plaintiff for the replacement value of the damaged items.

16. Plaintiff arranged for the allegedly damaged items to be inspected.

17. During the inspection, plaintiff learned defendants had repaired one of the items, specifically a carved whale sculpture.

18. Defendants have yet to pay plaintiff for the moving services provided.

19. Plaintiff advised defendants that payment, in full, for the moving services is a condition precedent to resolution of defendants' damages claim.

20. The Bill of Lading confirms the cost of defendants' moving services totaled $15,299.67. See id.

21. Several provisions of plaintiff's Tariff are applicable to the instant matter. See relevant portions of plaintiff's Tariff, attached hereto as Exh. B.

22. Item 19(f), relating to plaintiff's right to inspect allegedly damaged items and defendants' duty to refrain from moving, disposing or repairing allegedly damaged items, states:

> (f) Concealed damage or shortage:
>
> Carrier must be promptly notified after discovery of concealed damage or shortage and given reasonable opportunity to inspect the shipment and packing. Upon discovery of concealed damage or shortage, the shipper must refrain from moving and attempting to repair, or disposing of any allegedly damaged item, or its packing, if any. Moving or disposal of an allegedly damaged item by shipper prior to carrier's inspection will be construed as denial of carrier's reasonable opportunity to inspect the allegedly damaged item and its packing.

Id.

23. Item 3, relating to plaintiff's duty to repair or replace allegedly damaged items, states:

> (f) Carrier's maximum liability shall not exceed the released or declared value of the shipment, or the full cost of repair to the damaged property, whichever is less. Carrier shall have the option of repair or replacement of damaged articles. All items which are replaced or for which the full current market value has been paid become property of the carrier.
>
> (g) Provisions of this item are not contractual limits of liability as provided for in 49 U.S.C. Sec. 14706 and are not to be construed as "insurance".

Id.

24. Item 19(g), relating to defendants' duty to pay for moving services, states:

> [E]ach claim must be supported by the original Bill of Lading (if not previously surrendered to the carrier), either the original paid bill for transportation services or a photographic copy thereof . . . .

Id.

25. Item 19(i), relating to plaintiff's resolution of claims and defendants' obligation to pay for moving services, states:

> (i) Satisfaction of Claims:
>
> 1) Shipper's obligation to pay all applicable tariff charges shall be a condition precedent to carrier's obligation to satisfy a claim for loss or damage.

Id.

## CLAIM FOR RELIEF

## COUNT ONE – DECLARATORY JUDGMENT

26. Plaintiff incorporates the averments in paragraphs 1 through 25 as though set forth fully herein.

27. This action presents an actual case and controversy within the jurisdiction of this Court and, therefore, is authorized pursuant to 28 U.S.C. § 2201.

28. There is federal question jurisdiction over this claim in this Court because the action seeks to determine the rights and liabilities of plaintiff and defendants arising from the interstate move of defendants' household goods, pursuant to the ICA, ICCTA, the Bill of Lading, plaintiff's applicable Tariff, and the Carmack Amendment.

29. Defendants seek reimbursement from plaintiff in the amount of $37,015.00 for replacement of items allegedly damaged during the interstate transportation of its household goods.

30. Plaintiff seeks payment from defendants for the moving services provided, totaling $15,299.67.

31. Defendants' and plaintiff's claims directly arise from the interstate transportation of defendants' household goods, which requires interpretation of the ICA, ICCTA, the Carmack Amendment, and plaintiff's Bill of Lading and Tariff incorporated therein in accordance with 49 U.S.C. § 13702(c).

32. Plaintiff asserts the Bill of Lading and Tariff provide plaintiff the right to inspect allegedly damaged items and restrict defendants from moving, disposing or repairing allegedly damaged items.

33. Plaintiff further asserts the Bill of Lading and Tariff allow plaintiff the option to determine how to resolve defendants' alleged damages claim, whether by paying the cash out value for the cost to repair, a settlement, or the replacement value.

34. Plaintiff avers the Bill of Lading and Tariff require defendants to pay all applicable tariff charges before defendants' alleged damages claim may be resolved.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff United Van Lines, LLC, requests this Honorable Court enter judgment in its favor declaring:

a. That the claims arising from the instant controversy directly arise from the interstate transportation of defendants' household goods and, therefore, said claims are governed solely and exclusively by the Carmack Amendment, at 49 U.S.C. § 14706, *et. seq.*

b. That defendants are required to pay plaintiff for the cost of the moving services provided, totaling $15,299.67 as a condition precedent to any payment for loss of, or damage to, their household goods;

c. That the remaining rights and liabilities of the parties are governed by the terms and conditions set forth in the under plaintiff's Bill of Lading and Tariff incorporated therein in accordance with 49 U.S.C. § 13702(c).

d. That defendants are not entitled to any reimbursement for damage caused to the carved whale sculpture as it was repaired before plaintiff's opportunity to inspect the alleged damage;

e. Any other questions or controversies that may remain between plaintiff and defendants;

f. Award of all costs of this action, including attorney's fees and costs, to plaintiff; and,

g. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____
    James A. Wescoe, Esquire
    Katherine A. Tenzinger, Esquire
    2000 Market Street, Suite 1300
    Philadelphia, PA 19103
    *Attorneys for plaintiff, United Van Lines, LLC*

Date: November 9, 2020